UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ROLAND GREEN, : 09 Civ. 5759 (WHP) (GWG)

Petitioner, : REPORT AND RECOMMENDATION

-v.-

DALE ARTUS,

Respondent.

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Roland Green has filed this petition for a writ of habeas corpus challenging his conviction in New York State Supreme Court for Robbery in the Second Degree and Burglary in the Third Degree. On May 25, 2007, following a jury trial, Green was sentenced to concurrent prison terms of 13 years on the robbery charge and 3-1/2 to 7 years on the burglary charge. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed June 24, 2009 (Docket # 2) ("Pet.") ¶¶ 1-5; (5/25 Tr. 19).[1] For the reasons below, Green's petition should be denied.

I. BACKGROUND

A. Facts and Trial

The evidence offered at trial is not directly relevant to our disposition of this petition but is nonetheless summarized to give context for Green's petition. On August 27, 2006, Ernisseau

[1] "Tr." refers to the transcripts of proceedings in Green's case, which began on April 18, 2007 and concluded with sentencing on May 25, 2007. See Trial Transcript, filed Nov. 25, 2009 (Docket # 15). Because multiple days of transcripts are contained within a single volume, we identify each transcript citation by date.

Nelson was working as a parking lot attendant at a garage in Manhattan. At approximately 7:00 a.m., Nelson saw two cars, a BMW and a Toyota, being driven out of a lower level of the garage from a location that was not accessible to the public. Nelson tried to stop the cars and, as the cars approached him, both sped up until the BMW crashed into the wall. The impact threw Nelson over a ramp and he was severely injured. He called the police, who dusted a number of cars for fingerprints, including cars that showed evidence of having been broken into. The police recovered a latent fingerprint from the exterior of the BMW's passenger-side door – the only door that was available for egress once the BMW had crashed – and prints from other cars in the garage that showed evidence of tampering. Two of the fingerprints, including the fingerprint from the BMW, matched Green's fingerprints. After Green was arrested, he provided a written statement asserting he "did not hang around the West Village around the time of August 1st, 2006 to the present, [October 2, 2006.]" See generally Brief for Defendant-Appellant (annexed as Ex. A to Answer in Opposition to the Petition for a Writ of Habeas Corpus, filed Nov. 25, 2009 (Docket # 16) ("Answer")) ("Green Ap. Br."), at 3-12; Brief for Respondent (annexed as Ex. B to Answer) ("People Resp. Br."), at 1-7.

The portion of the indictment containing the robbery count charged Green with Robbery in the Second Degree under New York Penal Law § 160.10(2)(a). See Indictment (annexed as Ex. 2(a) to Pet.). It alleged that Green "forcibly stole property from another person, and in the course of the commission of the crime and in the immediate flight therefrom, a participant in the crime caused physical injury to another person, who is not a participant in the crime." Id. In summation, the People argued that the evidence showed that Green had driven the BMW that struck Nelson. (4/23 Tr. 30-32). The trial court charged the jury on the elements of Robbery in

the Second Degree instructing, in relevant part, that:

> [u]nder this definition of robbery in the second degree, . . . a person causes physical injury to another when his conduct is a sufficiently direct cause of that injury, irrespective of whether he intended to cause the injury or not. A person's conduct is a sufficiently direct cause of physical injury . . . when his conduct is an actual contributory cause of that injury, and when the injury was a reasonable foreseeable result of such conduct. A person's conduct is an actual contributory cause of physical injury to another when that conduct forged a link in the chain of events which actually brought about the injury. In other words, when the conduct set in motion or continued in motion, the events which ultimately resulted in the injury.

(4/24 Tr. 20-21). The jury charge did not include an instruction defining accessory liability. On April 24, 2007, the jury returned a guilty verdict on both the robbery count and the burglary count. (4/24 Tr. 44).

B. Direct Appeal

Green appealed on the grounds that (1) the conviction was against the weight of the evidence, see New York Criminal Procedure Law § 470.15(5); (2) his right to a fair trial was violated when, during summation, the prosecutor attempted to shift the burden of proof to the defense; and (3) the sentence was excessive, see Green Ap. Br. at 13-28. With respect to the first point, Green argued, inter alia, that the People's case "relied almost exclusively on the fingerprints found on the exterior of the BMW and the Ford Taurus." Id. at 13. Given that Nelson could not identify Green as the perpetrator and that the police did not find fingerprints matching Green's inside the vehicle, Green argued that the verdict was against the weight of the evidence. Id. He suggested that it was "possible that the fingerprints were" merely the "result of tampering with the vehicles in an attempt to steal property from the cars, and were not related to the robbery at all." Id. at 17. In response, the People argued, inter alia, that Green's "fingerprint

on the car that nearly ran down the attendant put him in the driver's seat, or at the very least, in alignment with an accomplice who was driving it." People Resp. Br. at 10. In his reply, Green countered that such an argument was improper because the allegation that Green was "in alignment with an accomplice" was not in the indictment and that the trial court had not charged the jury "on an acting in concert theory." Reply Brief for Defendant-Appellant (annexed as Ex. C to Answer), at 6.

The Appellate Division denied the appeal holding, in pertinent part, that:

> [t]he verdict was not against the weight of the evidence when the evidence is considered in light of the jury charge, including the supplemental charge explaining that a conviction on robbery could be based on a finding that the defendant's conduct was "an actual contributing cause" of an injury inflicted during the robbery. The only reasonable explanation for the presence of the defendant's fingerprints on the vehicles in question was that he was one of the two perpetrators of the robbery and burglary. The alternative explanation that defendant posits on appeal not only is farfetched, but also is inconsistent with defendant's statement to the police.

People v. Green, 56 A.D.3d 390 (1st Dep't 2008) (citations omitted).

Green sought leave to appeal to the New York Court of Appeals. Letter from Risa Gerson to Hon. Judith S. Kaye, dated Dec. 23, 2008 (annexed as Ex. E to Answer) ("Leave Let."). In his application, Green argued that the Appellate Division's decision was improper as it failed to evaluate "the evidence in light of the elements charged to the jury." Id. at 1 (citing People v. Noble, 86 N.Y.2d 814 (1995); People v. Danielson, 9 N.Y.3d 342 (2007)). Green took issue with the Appellate Division's reliance on a theory of accomplice liability inasmuch as the "indictment did not charge an acting-in-concert theory." Id. at 2. Although the trial court's instruction to the jury reflected that Green's conduct "must have been an 'actual contributory cause' of the injury inflicted," id. at 3, Green argued that the Appellate Division's decision

improperly read the charge as including an acting-in-concert theory. Id. Green asked the Court of Appeals to grant leave to appeal so that the court would "clarify its holdings" in certain cases that "instruct on the proper manner of analyzing the evidence when the intermediate appellate court conducts a weight of the evidence review." Id. at 4.

On March 2, 2009, the Court of Appeals denied leave to appeal. See Certificate Denying Leave (annexed as Ex. G to Answer).

C. The Instant Petition

On June 24, 2009, Green filed a timely petition for a writ of habeas corpus. In a section entitled "Parties' Position." Green states:

> Petitioner contends that his fifth and sixth amendment rights against "double jeopardy" and his "right to a fair trial" were violated when the state courts ruled that his conviction was not against the weight of the evidence and that petitioner was "one of the two perpetrators of the robbery and burglary[."] Petitioner was arrested and charged with P.L. § 160.10(1), robbery in the second degree by acting-in-concert. However, on November 3, 2006, the grand jury of New York County did not vote to indict petitioner on the charge of P.L. § 160.10(1) and dismissed that charge.

Pet. ¶ 13(5). Green goes on to make related arguments, including his argument that the People changed its position in its direct appeal brief. Id. ¶ 13(8).

The respondent submitted papers in opposition to Green's petition on November 25, 2009. See Answer; Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus, filed Nov. 25, 2009 (Docket # 17) ("Resp. Mem."), Green submitted a reply. See Reply, filed Mar. 3, 2010 (Docket # 19) ("Reply").

II. DISCUSSION

A petition for a writ of habeas corpus may not be granted with respect to any claim that has been "adjudicated on the merits" in the state courts unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Because a petitioner must show that "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), "'federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Green argues that he is entitled to habeas relief because the Appellate Division used a flawed analysis in adjudicating his "weight of the evidence" claim. See Reply ¶¶ 10-20. He asserts that the Appellate Division used an "acting-in-concert" theory to uphold his conviction, even though any such theory had not been charged in the indictment and the jury was never charged on the meaning of accessorial liability. Id. ¶ 10. Green argues that he was not given notice of the charge against him and that because he was charged as a principal and not as an accomplice, he was not tried with respect to the charges submitted to the grand jury. Id. ¶¶ 10-11, 14-15.

Green denies that his petition raises a claim that his conviction was against the weight of the evidence. Id. ¶ 4. Rather, he asserts that he is challenging the Appellate Division's decision on the grounds that it violated his right to be free from Double Jeopardy and his right to a fair trial. Id.

As an initial matter, the Court notes that nothing in the petition or the facts of this case could be construed as raising a Double Jeopardy claim. The Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."

U.S. Const. amend. V. "In essence, the Double Jeopardy Clause protects criminal defendants against three things: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." U.S. v. Olmeda, 461 F.3d 271, 279 (2d Cir. 2006) (internal citation and quotation marks omitted). None of these three circumstances is at issue in this case.

Green separately claims that the Appellate Division's decision violated his Sixth Amendment right to "proper notice" when it decided that the verdict was supported by the weight of the evidence. Reply ¶ 10; see also Pet. ¶ 13(5). While Green denies that he is making a "weight of the evidence" argument, see id. ¶ 4, the Court does not see how Green's claim can be viewed as anything other than a challenge to the Appellate Division's conclusion on this claim. Under New York law, a "weight of the evidence" claim requires the reviewing court to "weigh the evidence in light of the elements of the crime." People v. Danielson, 9 N.Y.3d 342, 349 (2007) (citation omitted). Green's argument that the Appellate Division wrongly characterized the elements of the robbery charge is no different from a claim that it decided his "weight of the evidence" argument incorrectly. Indeed, Green's counsel recognized this when she sought leave to appeal his conviction to the Court of Appeals, and made essentially the same attacks on the Appellate Division's reasoning. See Leave Let. at 3. Green's counsel recognized that her claim was simply that the Appellate Division had "effectively denied Roland Green weight of the evidence review." Id. at 1.

The problem Green faces in this Court is that a "weight of the evidence" claim is not cognizable on federal habeas corpus review because it is a state law claim that does not present a federal constitutional issue. See, e.g., Taylor v. Poole, 538 F. Supp. 2d 612, 618 (S.D.N.Y.

2008) ("It is well established that 'weight of the evidence' claims are not cognizable on federal habeas review, given the difference between such a challenge and that of a challenge based on the sufficiency of the evidence." (citation omitted)); Ward v. Herbert, 509 F. Supp. 2d 253, 264 (W.D.N.Y. 2007) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas proceeding." (citations omitted)); accord Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006); Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). The fact that Green asserts a Due Process violation is of no consequence as it is well established that "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause[.]" DiGuglielmo v. Smith, 366 F.3d 130, 136 (2d Cir. 2004) (quoting Johnson v. Rosemeyer, 117 F.3d 104, 111 (3d Cir. 1997)).

Because Green's petition does not raise any federal constitutional issues, his petition should be denied.[2]

Conclusion

For the foregoing reasons, the petition should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of

---

[2] Even if the petition could be construed as alleging that the Appellate Division itself committed an independent due process violation, any such claim would be unexhausted as it was never raised in such terms in Green's letter seeking leave to appeal.

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 12, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to:

Roland Green
07-A-3298
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

Thomas B. Litsky
Assistant Attorney General
120 Broadway
New York, New York 10271

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 12, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to:

Roland Green
07-A-3298
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

Thomas B. Litsky
Assistant Attorney General
120 Broadway
New York, New York 10271